**Mary E. ADAMS, Plaintiff,**

v.

**Elliott RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. W-4521.**

United States District Court, D. Kansas.

Jan. 15, 1972.

984

G. Edmond Hayes, Wichita, Kan., for plaintiff.

Richard Oxandale, Asst. U. S. Atty., Wichita, Kan., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THEIS, District Judge.

■■ This is an action brought pursuant to 42 U.S.C.A. § 405(g) to review a final decision of the Secretary of Health, Education and Welfare denying the claimant a period of disability and disability benefits under the provisions of 42 U.S.C.A. §§ 416(i), 423. The function of the Court in reviewing the Secretary's decision is limited to a determination that the findings of fact are supported by substantial evidence, and inferences reasonably drawn therefrom. If they are so supported, they are conclusive upon the reviewing court and may not be disturbed. Trujillo v. Richardson, 429 F.2d 1149 (10th Cir. 1970); Mayhue v. Gardner, 294 F.Supp. 853 (D Kan.1968), aff'd. sub nom. Mayhue v

Finch, 416 F.2d 1257 (10th Cir. 1969). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. of N. Y. v. N. L. R. B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938); Mayhue v. Gardner, supra.

■ In determining whether there is substantial support in the record for the Secretary's denial of benefits, four interrelated types of proof are to be considered: (1) objective medical facts; (2) expert medical opinion; (3) subjective evidence of pain and disability; and (4) claimant's present age, educational background and work history. Lackey v. Celebrezze, 349 F.2d 76 (4th Cir. 1965). Both parties have agreed to summarily dispose of plaintiff's claim.

Plaintiff is a 65 year old woman who resides in Wichita, Kansas. In September, 1967, while employed at Wichita State University, she slipped and fell on her back and right shoulder. Following the injury she experienced severe pain in her back and right shoulder, as well as near black-out spells. She was hospitalized on several occasions. Presently, she experiences pain in the back of her hip which radiates down her left leg causing numbness. Also, she has recurring periods of dizziness and darkness on account of the pain. As a result of her condition, plaintiff has been unable to work and much of the time she is confined to her home and is unable to do housework or care for herself fully. Her ability to walk is also impaired and she is required to use a walking stick.

On March 27, 1968, plaintiff filed her application to establish a period of disability and to obtain disability benefits. Her application was twice denied on the basis of findings by the Kansas State Agency for Vocational Rehabilitation. Plaintiff requested a hearing which was held on March 23, 1970. The hearing examiner found that the evidence failed to establish an impairment of sufficient severity to preclude plaintiff from engaging in substantial gainful activity and that she was not under a "disability" on September 26, 1967, or at any other time up to and including the date of the decision. The Examiner's findings were affirmed by the Appeals Council and stand as the final decision of the Secretary.

■ Before a claimant may obtain disability insurance benefits, the bifurcated test established by the statute must be satisfied. First, the claimant must establish the existence of a medically determinable physical or mental impairment. Second, it must be established that by reason of the impairment the claimant is unable to engage in substantial gainful activity. Branch v. Finch, 313 F.Supp. 337 (D.Kan.1970). In the instant case, the Examiner found that plaintiff was impaired. However, the impairment was not considered to be of a substantial nature. The medical evidence established that plaintiff had sustained a contusion and sprain of the back and lumbar area, together with a contusion of the left hip and possible injuries to her right shoulder. While all physicians found claimant had residual pain from her injuries, most would not agree that the severity of these injuries was such as would cause the considerable pain being claimed by the claimant as being totally disabling. Repeated X-rays and diagnostic tests were essentially negative. The only other evidence of disability was plaintiff's testimony describing her symptoms and the intense and disabling pain which she was suffering.

■ Subjective descriptions of pain unsupported by objective clinical and laboratory findings do not automatically disqualify a claimant. Pain which results in a person being unable to engage in any gainful occupation suited to his training and experience may be the basis for an award, provided the pain results from a medically determinable physical or mental impairment. Page v. Celebrezze, 311 F.2d 757 (5th Cir. 1965).

Thus, it fell upon the examiner to determine whether plaintiff's pain prevented her from engaging in substantial gainful activity and was attributable to her impairment.

The hearing examiner, after evaluating the plaintiff's testimony and the medical evidence, of which he was the judge as to credibility and weight, concluded the existing impairment was not so severe as to prevent the plaintiff from performing substantial gainful employment. The fact that plaintiff could not work without pain does not satisfy the test of disability under the pertinent provisions of the Social Security Act. Branch v. Finch, supra. Only one of the medical experts was of the opinion that plaintiff would be unable to engage in any substantial activity due to her condition. The rest were unable to connect plaintiff's symptoms with their findings upon examination. Moreover, two physicians noted plaintiff's obesity and recommended she lose weight, and one of them saw no reason why plaintiff could not engage in some light work. All the diagnostic tests were essentially negative. While there is some conflict among the medical experts, the Examiner's determination as to the weight to be assigned to the various reports are binding. Likewise, the inferences drawn by the Examiner for the medical evidence are binding if supported by substantial evidence. It is not the function of this Court to reweigh the evidence or substitute his opinion of its total effect for that of the Examiner, but only to determine whether any substantial evidence exists in the record to sustain the Examiner's decision and the Secretary's affirmance on appeal.

This Court is convinced there is substantial evidence in the record to support the Secretary's findings and his determination that plaintiff's impairments were not so severe as to prevent her from engaging in substantial gainful activity. Therefore, the defendant's motion for summary judgment should be granted.