The foregoing memorandum constitutes our findings of fact and conclusions of law.

**Carol E. KEEF, Plaintiff,**

v.

**Caspar W. WEINBERGER, Secretary of the Department of Health, Education and Welfare of the United States, Defendant.**

**No. 74-241-C5.**

United States District Court,
D. Kansas.

Oct. 28, 1975.

Robert B. Wareheim, Topeka, Kan., for plaintiff.

Richard L. Meyer, Asst. U.S. Atty., Topeka, Kan., defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This proceeding was instituted by plaintiff against the Secretary of Health, Education and Welfare as authorized by Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for the purpose of obtaining judicial review of a final decision of the Secretary denying her application for disability insurance benefits under 42 U.S.C. §§ 416(i), 423. Both parties in this action have submitted motions for summary judgment together with briefs in support of their respective positions. By waiving oral argument, the parties have indicated the case is ready for summary disposition.

The plaintiff filed her application to establish a period of disability on September 5, 1972, as provided in 42 U.S.C.

§ 416(i), and for disability insurance benefits, as provided under 42 U.S.C. § 423. The plaintiff, the claimant below, alleged that she became unable to engage in substantial gainful employment due to a work-related accident on November 11, 1969, when a pipe struck her on the head causing her nerve damage which progressed into neuralgia and arthritis of the spine. Initially, the claim was denied in reliance upon a finding that her physical examination remained essentially normal and that no significant motion limitation due to the alleged arthritic involvement had been documented. Record at 117. This finding was based upon the medical report supplied by Dr. Samuel Petrie. On September 18, 1973, the Administrative Law Judge held a hearing regarding the claimant's application at which the claimant, her attorney and a favorable witness were present. After medical reports from four (4) doctors, the University of Kansas Medical Center, and a psychiatrist were submitted for consideration ·by the Administrative Law Judge, the decision denying plaintiff's application was filed on March 24, 1974. The Appeals Council upheld the decision of the Administrative Law Judge; consequently his decision became the final decision of the Secretary on October 7, 1974.

In his evaluation of the evidence and statement of his rationale, the Administrative Law Judge found that the claimant would meet the special earnings requirements for purposes of receiving disability benefits to and including September 30, 1973. He also found that while the claimant established the existence of a medically determinable physical impairment, she had failed to establish that by reason of the impairment she was unable to engage in substantial gainful activity. The Administrative Law Judge felt that in light of the medical evidence the claimant could perform the relatively non-demanding work of a clerk in a bakery or work as a domestic, work she had performed at some time during her working years.

■ The claimant filed this action on December 6, 1974, which was exactly sixty days after the Administrative Law Judge's decision became final. 42 U.S. C. § 405(g). In reviewing the Secretary's decision, the Court is charged with the limited function of determining whether the findings of fact are supported by substantial evidence and the inferences reasonably drawn therefrom. If there is such support, the reviewing court is precluded from disturbing the findings. *Trujillo v. Richardson*, 429 F.2d 1149 (10th Cir. 1970); *Adams v. Richardson*, 336 F.Supp. 983 (D.Kan. 1972). In *Branch v. Finch*, 313 F.Supp. 337 (D.Kan.1970) (Templar J.), the district court judge clarified the standard for review in the following manner:

Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Stated in a different manner the evidence must be such, if the trial were to a jury, as would justify a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. If there is only a slight preponderance of the evidence on one side or the other, the Secretary's finding should be affirmed. *Branch v. Finch, supra* at 341.

The key question in this case is whether there is substantial evidence to sustain the finding that the claimant was not unable to engage in substantial gainful activity by reason of her medically determinable physical impairment. To properly analyze the finding of the Administrative Law Judge, it is necessary to review the purpose of the Social Security Act, the standards applicable to the related administrative proceedings, the steps the claimant must follow and the evidence that should be considered.

■■ The purpose of the Social Security Act is to ameliorate some of the rigors of life for those who are disabled or impoverished. *Dvorak v. Celebrezze*, 345 F. 894 (10th Cir. 1965). To accomplish this goal, the Act must be con-

strued liberally. Since the district court is bound by the findings made by the Administrative Law Judge if they are supported by substantial evidence, it is precluded from trying the case de novo. This, however, does not abrogate the court's traditional function of scrutinizing the entire record to determine whether the conclusions made by the Secretary are rational. *Mitchell v. Weinberger,* 404 F.Supp. 1213 (D.Kan. 1975). If the Court should determine that reliance has been placed upon one portion of the record in disregard of overwhelming evidence to the contrary, it is obligated to modify or reverse the Secretary's findings with or without remanding the case for a rehearing. *Branch v. Finch,* 313 F.Supp. 337 (D. Kan.1970).

The statutory definition of disability, as set forth in 42 U.S.C. § 423(d), is an

(1)(A) inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

(2)(A) For purposes of paragraph (1)(A)—an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work . .

(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

The Act places the burden of establishing the existence of a disability on the claimant. 42 U.S.C. § 423(d)(5).

For a claimant to gain disability benefit insurance, he must first establish that he meets the special earnings requirement of the Act. 42 U.S.C. §§ 416(i)(3)(B); 423(c)(1)(B). Then the claimant must sustain his burden of proof under 42 U.S.C. § 423, which establishes the bifurcated test that (1) he has a medically determinable physical or mental impairment and (2) by reason thereof he is unable to engage in substantial gainful activity. Even when the claimant fails to overcome these hurdles, the burden of proof shifts to the Secretary to establish that if the claimant can engage in substantial gainful activity such activity exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, whether a specific job vacancy exists for him or whether he would be hired if he applied for work. 20 C.F.R. § 404.1502; *contra, Gardner v. Smith,* 368 F.2d 77 (5th Cir. 1966). If the Administrative Law Judge determined that the claimant can return to his previous employment, it is deemed sufficiently established that such work exists in the national economy. *Branch v. Finch,* 313 F.Supp. 337 (D.Kan.1970)

In terms of this case, the claimant was able to establish she meet the special earnings requirements of the Act and that she had a medically determinable physical impairment; however, in the opinion of the Administrative Law Judge, she failed to establish that her physical impairment precluded her from engaging in substantial gainful employment, *i. e.,* working as a domestic or a bakery clerk. In determining whether there is substantial support in the record for the Secretary's denial of benefits, four inter-related types of proof

are to be considered: (1) objective medical facts; (2) expert medical opinion; (3) subjective evidence of pain and disability; and (4) claimant's present age, educational background and work history. *Adams v. Richardson*, 336 F.Supp. 983 (D.Kan.1972). As in many cases which are appealed to the district court, the conflict arises between the expert medical opinion, a form of subjective evidence, and the sujective evidence of pain. While each of these items of consideration may be supported by objective data, they are precisely the types of evidence whose weight and credibility is to be determined by the Administrative Law Judge as the finder of fact and this Court may not reweigh such evidence or substitute its opinion for that of the Secretary when supported by substantial evidence.

■ The record in this case discloses that at the time of the hearing the claimant was approximately 52 years of age, had a high school education and had many non-skilled employment experiences, although many were of short duration due to the transitory nature of her first husband's occupation. Her first husband divorced her in 1964 and she remarried in 1967. Her present husband was then under treatment at the Veterans' Hospital for an alcohol problem, psychological problems and war-related injuries. Due to the care he required, he frequently stayed with his brother. This relationship was deemed a cause of the claimant's chronic anxiety and tension by one of the examining doctors. Except for uterine disorders, the claimant had apparently been in good health until November 11, 1969, when she was struck on the head by a metal pipe while at work in a grocery store. The claimant testified that she had previously worked in a bakery, as a farmer's wife substituting as a hired hand, stocker and checker in a grocery store which required lifing boxes of up to forty (40) pounds and as a waitress who worked standing all day. She asserted that the accident lead to several impairments which made it impossible for her to engage in substantial gainful activity, to wit: neuralgia, arthritis of the spine, nerve damage and the pain which resulted therefrom. The claimant's personal physician diagnosed her condition as acute cervical strain and prescribed muscle relaxants and physical therapy. The physical therapy was not completed, for instead the claimant underwent myelogram studies and subsequently two of her cervical vertebra were fused in January of 1970. Since that time the claimant has had continuing complaint of pain in her neck and her hands and arms.

At the hearing before the Administrative Law Judge, the claimant produced the following additional evidence, (Record at 28–79):

In the summer of 1970, Dr. Kozikowski informed her she could not return to her checking job at the grocery store, but released her with permission to do light work. She, however, felt she was unable to do housework and she couldn't lift her right arm without pain. Nevertheless she tried to find employment. Most employers would not consider employing her because of her spinal problem. The state employment security division sent her on interviews but these were not successful until the summer of 1971, when she obtained employment as a tour guide. She held that job for approximately four weeks until she strained her back while decapitating a chicken for cleaning purposes. She was taken by ambulance to the Kansas University Medical Center where she was treated for about a week and then released. The claimant made subsequent attempts at working as a cafeteria server and as an attendant to an elderly shut-in. Both these efforts ended when the claimant developed leg or chest pains assertedly caused by the strain the work placed on her back and neck. In 1972, Dr. Samuel C. Petrie determined that the plaintiff was developing arthritis in the spine and prescribed a back brace. When she resisted wearing the back brace she was told that without the brace her condition would progress to

the point that she could no longer walk erect. However, when she wore the brace for prolonged periods, the next day her knees would not support her due apparently to the effect the brace had on her lower back. The claimant also testified that by October 1972, the pains in her shoulder had expanded to her neck and facial region. As to her degree of disability, the claimant testified that if she stood very long, she got pains in her legs and that if she sat very long, she got pains in her hips and upper legs. The pain, which had its focal point in her shoulder, had progressed to the point that she could no longer lift things with her hands nor was her grip strong enough to hold objects. In addition, she testified that once every two or three weeks she was bedridden for several days because of the pain. Finally the claimant stated that beyond her own physical disabilities, the fact that the doctors at the Veterans' Hospital wanted her husband to enter the psychiatric ward at the facility was exacerbating her condition. Finally her sister-in-law testified as to the claimant's difficulties arising from the industrial accident which included the claimant's need for assistance in doing her housework.

Counterbalancing this evidence, the Administrative Law Judge had to consider the medical evidence submitted by the claimant and that which was submitted by his order. In October 1970, Dr. Ivan W. Cain attributed the claimant's symptomatology of pain in the lateral aspect of the right upper arm and the fingers to the fusion of her discs at the C5–C6 level. He concluded that there was a 35 per cent permanent partial disability to the body as a whole as a result of the injuries sustained in the accident at work on November 11, 1969, and that the claimant was not physically able to do the work that she did *prior* to the accident. Record at 150–53. On July 20, 1971, the claimant was treated at the Kansas University Medical Center for lower back pain. Although medication and local heat were prescribed, examination reports indicated a full range of motion, straight leg raising tests were negative, backward and sideward bending motions were good and flexion was 20 degrees soon after she was released. In August 1972, Dr. Samuel C. Petrie conducted several tests to which claimant demonstrated a normal masters two step and laboratory and urinalysis studies were essentially normal. His diagnosis was of musculoskeletal pain secondary to arthritis, which was aggravated by her underlying chronic anxiety and tension. He also opined that the plaintiff was not disabled. Record at 120. Based upon this report, the Social Security Administration denied the claimant's initial application for disability benefits. Dr. Ben M. Kozikowski performed the spinal fusion and released the claimant for light work. When he treated the claimant again in March of 1973, his diagnosis was thoracic sprain, sub-acute, superimposed on increased lumbar lordotic curvature. He opined that the claimant should be as active as possible but should not attempt activities which involve strenuous bending or lifting, *i. e.*, disabled for heavy activities only. Record at 132. Dr. J. Michael Boles, the claimant's personal physican, treated her on several occasions from the date of the accident to just prior to the administrative hearing. His diagnosis was a mild, generalized osteoarthritis and neck and back pain of undertermined etiology. Record at 149. After the hearing was conducted, the Administrative Law Judge ordered that the claimant undergo a psychiatric examination. See 20 C.F.R. § 404.1527. The psychiatrist, Dr. Charles Glazzard, concluded that her thought processes and associations were normal. He noted no evidence of extreme depression or emotional reactions which would be incompatible with occupational activity. Record at 163.

The Administrative Law Judge, stating he had "carefully considered all of the testimony at the hearing, the arguments made, and the exhibits described in the list of exhibits attached to [his] decision," noted that the claimant had continued to complain of pain in her

neck and in her hands and arms but also noted that "[n]one of the doctors have been able to find the reason for Claimant's continuing severe symptomatology." Record at 14–15. He went on to conclude that "[i]t is the opinion of the examining doctors that she has some osteoarthritis in the area of the neck but no where do the doctors suggest that this arthritis results in severe limitation of motion or that it might properly be considered to be of the degree of severity required by the Statute." The record discloses that the range of impairment of bodily functions was 20 to 35 per cent. Finally he concluded that the medical evidence failed to establish that this impairment would preclude her from performing the relatively non-demanding work of a clerk in a bakery or as a domestic.

In *Dvorak v. Celebrezze*, 345 F.2d 894 (10th Cir. 1965), the Tenth Circuit Court of Appeals addressed the issue of a claimant's right to relief because of subjective symptoms of pain which were not sustained by objective findings. As noted there, the problem in such cases is the difficulty of disproving by evidence a claimant's subjective statement of inability to work because of pain and that precedence is of little assistance because of the unique factual situation raised by each claimant's assertion of an inability to work. However, an analysis of prior cases may be beneficial in directing the reviewing court toward a proper evaluation of the Administrative Law Judge's determination of the weight to be given conflicting evidence.

In *Dvorak, supra,* the only evidence the claimant presented in support of his claim was his testimony that he was suffering such severe pain that it was impossible for him to engage in substantial gainful employment. None of the doctors who submitted reports were of the opinion that Dvorak's lower back pain was severe enough to meet the statutory standard. The Tenth Circuit noted that while pain of such severity may preclude someone from engaging in substantial gainful activity, subjective symptoms

must be evaluated with due consideration for credibility, motivation and medical evidence of impairment. Unlike the *Dvorak* case, the record under consideration does not raise the issue of the claimant's credibility or motivation. While a negative inference could be drawn from the fact that the Administrative Law Judge ordered the claimant to submit to a psychiatric examination, the opinion denying the claimant's application stresses only the evidence submitted by the medical doctors. None of the doctors who submitted reports in the case at bar were of the opinion that the claimant's impairment precluded her from fulfilling the duties of an employee required to do only light work.

In *Adams v. Richardson,* 336 F.Supp. 983 (D.Kan.1972), the district court judge was asked to review the denial of benefits to a 65-year-old woman who had been injured in a fall. She experienced pain in the back of her hip which radiated down her left leg causing numbness. She had recurring periods of dizziness on account of the pain and felt unable to work, to do her housework, or to care for herself. Her ability to walk was impaired to the extent that she utilized a walking stick. However, a majority of the doctors who had examined the claimant would not agree that the severity of the injuries was such as would cause the considerable pain claimed by claimant. In fact, repeated x-rays and diagnostic tests were essentially negative. The court affirmed the denial of benefits after stating, "Subjective descriptions of pain unsupported by objective clinical and laboratory findings do not automatically disqualify a claimant. Pain which results in a person being unable to engage in any gainful occupation suited to his training and experience may be the basis for an award, provided the pain results from a medically determinable physical or mental impairment." *Adams v. Richardson, supra* at 985. The only difference the court can discern between the facts in the *Adams* case and those in the case at bar is that the evidence of impairment

there presents a more compelling basis for awarding disability benefits. However, the Court does not have before it the findings of the Administrative Law Judge in the *Adams* case and thus can not evaluate how fully he considered the evidence in each of the interrelated categories.

The final case to be compared is *Longo v. Weinberger*, 369 F.Supp. 250 (E. D.Pa.1974). The district court reversed the denial of benefits because the Administrative Judge had erroneously rejected the medical opinions of the examining physicians as merely subjective in nature. Referring to the medical opinions as subjective evidence, the court held that, "[t]he reports of the doctors as to various ailments of the claimant, while not objective, are certainly evidence which meets the standards of the Act and the regulations. Subjective evidence alone is sufficient to establish a disability." The court, however, qualified this by indicating that the claimant had the burden of proving that the subjective symptoms of pain were supported by some abnormal findings. See 20 C.F.R. Subpart P, App. § 1.00. The case involved a 52-year-old woman claiming disability due to bursitis and a trigger finger. She was a nineteen-year employee as a tailor which required speed and dexterity with her hands. Although her overall claim included physical, emotional and mental symptoms, her most distinct ailment involved pain in her shoulder area and a tingling and numbness in her hands with the consequent impairment of her ability to grip objects. The claimant lived with her husband who had a terminal illness and who was receiving disability benefits from the date he stopped working which coincidentally was the date the claimant asserted she too became disabled. The claimant had undergone operations on her hand and wrist which disclosed no arthritis but two other restrictive diseases. She was also treated for tension state with numerous psychosomatic manifestations exacerbated by her husband's illness. The attending physician was of the opinion that the claimant had reached the point where she was no longer able to work. Due to the district court's disposition of the case, they placed primary emphasis upon the physician's report.

These three cases were selected from the multitude of cases reported on the issue of whether substantial evidence exists to support the findings of the Administrative Law Judge in a Social Security hearing because they reflect many of the factors courts have considered in fulfilling their judicial function of reviewing the determinations of the Administrative Law Judge. In each of the cases, the Administrative Law Judge was faced with the task of evaluating subjective evidence, *i. e.*, opinions by medical personnel and testimony by the claimant regarding his or her pain caused by some condition frequently of undocumented etiology. In each case cited, the district court, after ensuring that the Administrative Law Judge had not abdicated his duty to consider *all* the evidence submitted in the case, relied heavily upon the opinions of the reporting doctors. This reliance was particularly heavy when there was a conflict between the medical testimony or evidence and the claimant's testimony.

For the Court to apply the standard for review of the findings of the Administrative Law Judge in this case, two approaches can be utilized. First, the Court can simply evaluate whether there is substantial evidence to sustain the findings of the Administrative Law Judge. Second, the Court can determine whether there is such overbalancing evidence that the plaintiff's pain precluded her from engaging in substantial gainful employment that the findings should be modified. The first question is easily answered by noting that all doctors who submitted reports in this case were of the opinion that the claimant should be able to engage in light work which, the Administrative Law Judge concluded, would include her previous work as a domestic or as a bakery clerk. While the claimant's attorney challenges the find-

ing that the claimant could work as a domestic, no such attack is made in the pleadings upon the finding that she could work as a bakery clerk. This Court feels from the evidence included in the record on appeal that the plaintiff could work as a bakery clerk and could, if the duties were light, serve as a domestic. If reliance is placed upon the doctors' reports, this portion of the findings is supported by substantial evidence since the doctors all directly or by implication opined that the claimant was able to engage in light work. In fact, the only evidence contrary to the plaintiff's ability to work is the plaintiff's testimony and that of her sister-in-law. *Cf. Branch v. Finch*, 313 F.Supp. 337 (D.Kan.1970). As to the second approach, *Branch v. Finch, supra,* contains the following analysis:

> [W]hether that impairment and accompanying pain are so severe that the claimant is unable to engage in any substantial gainful activity is mainly a subjective determination. This Court is well aware of the fact that pain can be so severe as to be disabling in itself, with or without objective symptoms. . . . The test is not whether the impairment, subjective or objective, would be disabling to a theoretical person but instead whether the subjective complaint independently or together with other impairments is disabling to this particular claimant. . . . Subjective symptoms should be evaluated with due consideration for credibility, motivation, and medical evidence of impairment.
>
> . . . The burden of proving disability under the Social Security Act is with the claimant, . . . and this burden need not be carried beyond a reasonable doubt." *Branch v. Finch, supra* at 346 (citations omitted).

In light of the statement by the Administrative Law Judge that he considered all the evidence and the absence of *overwhelming* evidence supportive of the claimant's complaints of pain, the second approach also leads this Court to the result that the Secretary's decision can not be disturbed.

■ The Secretary's determination is final if supported by substantial evidence and the inferences to be drawn therefrom. When the Administrative Law Judge is faced with the task of weighing two conflicting types of evidence, both of which are subjective in nature, his decision must be affirmed even if there is only a slight preponderance of evidence on one side or the other. While if this case were one of first impression the Court might have decided the issue of the degree of the claimant's disability differently, *Hofacker v. Weinberger*, 382 F.Supp. 572 (S.D.N.Y.1974); it can not displace the Administrative Judge's finding when supported by the evidence and when the Administrative Law Judge had the advantage of evaluating the claimant's demeanor at the administrative hearing. Suffice it to say, this was a matter on which there was a conflict in evidence and that conlict has now been resolved by the trier of fact. *Arkansas Louisiana Gas Company v. Right of Way 80 Feet in Width*, No. 74–1534 (10th Cir., 1975) (review of administrative finding by land commission).

After carefully examining the record on appeal and the briefs submitted by the parties to this review, the Court has concluded that the findings by the Secretary are supported by substantial evidence. This Court is convinced that the record fails to disclose that the plaintiff's impairment is of sufficient severity as to be disabling within the meaning of the Social Security Act at the times in question. The Court would note, however, that arthritis is a progressive disease and may so impair the claimant's ability to engage in substantial gainful employment in the future, that she can establish her right to disability benefits under the guidelines of the Act at a later date. For the above reasons, the Court must affirm the findings of the Secretary that the claimant's impair-

ment does not preclude her from engaging in substantial gainful employment within the meaning of the Act. Accordingly,

It is ordered that the plaintiff's motion for summary judgment be, and is hereby, denied;

It is further ordered that the defendant's motion for summary judgment be, and is hereby, granted;

It is further ordered that the complaint be, and is hereby, dismissed;

It is further ordered that copies of this memorandum and order be transmitted to the parties in the above-entitled case and to the Office of the United States Attorney for the District of Kansas

It is so ordered.