Homer F. GARRETT, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 77–2237.

United States District Court, D. Kansas.

Sept. 20, 1978.

Patrick J. Reardon, Michael F. Willcott, Leavenworth, Kan., for plaintiff.

James P. Buchele, U. S. Atty., Douglas B. Comer, Asst. U. S. Atty., Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

This case comes now before the court for determination of defendant's motion for summary judgment. The proceeding was instituted by plaintiff against the Secretary of Health, Education and Welfare, as authorized by 42 U.S.C. § 405(g), for the purpose of obtaining judicial review of a final decision of the Secretary denying plaintiff's application for disability insurance benefits. The sole question to be resolved is whether the Secretary's decision that plaintiff was not "disabled," as that term is defined in 42 U.S.C. § 423(d)(1), is supported by substantial evidence.

Plaintiff's application for benefits, filed June 23, 1976, shows that he was born January 10, 1920, and states that he became unable to work on August 15, 1972, because of poor circulation in both legs, a nervous condition, and emphysema. (Tr. 124–27). This was plaintiff's third filing for disability insurance benefits. (Tr. 10). Plaintiff was a pilot in the Air Force, discharged in 1946. He worked as a baker and bakery manager from 1946 to 1970. Thereafter he did some factory work, farm work, and part-time bakery work. (Tr. 114–15). He completed three years of college at the University of Missouri, majoring in Business and Public Administration, before joining the Air Force. (Tr. 33). In 1973, after the death of his mother, plaintiff moved to the Veterans Administration Center in Leavenworth, Kansas, where he continues to live. (Tr. 30). At the Center he has a work detail administering psychological and vocational tests. (Tr. 40). He is six feet, two inches tall, and has weighed 250–260 pounds for the last ten years or more. (Tr. 31).

Plaintiff's medical history is stated quite fully in defendant's memorandum. Plaintiff generally agrees with the statement of facts, but disputes the conclusion that was drawn from the facts. The history shows recurring problems with alcohol and obesity, and with varicose veins. A 1973 chest x-ray showed fibrotic residue in the left mid-hemithorax, and fibrotic striations extending across the right mid-lung. (Tr. 99). This x-ray and those taken in 1974, showed no acute pathology. (Tr. 172). At the 1977 hearing before the Administrative Law Judge, plaintiff indicated that he had no problems breathing. (Tr. 56). Plaintiff had surgery for his varicose veins in 1961 or 1962. (Tr. 38, 99). Subsequent medical reports show that low calorie diets for weight reduction, and leg elevation were recommended for this problem.

In addition to the medical evidence and the hearing testimony of plaintiff, the record contains the statements of two doctors who opined that plaintiff was unable to engage in substantial gainful activity in 1972. (Tr. 5 and Tr. 211). One is a letter (Tr. 5) dated July 2, 1977, from Dr. D. E. Eggleston. It, however, contradicts Dr. Eggleston's 1974 report, which stated: "He

[plaintiff] has the ability—but will not make sufficient effort to hold a job." The other opinion was stated in a letter to the Administrative Law Judge from Dr. Richard R. Robinson, Chief, Domiciliary Medical Service, VA Center (Tr. 211). After noting that plaintiff was admitted to the hospital in December, 1973, with a diagnosis of varicose veins and contact dermatitis, Dr. Robinson stated:

"There was a varicosity of the long saphenous system on the right side with incompetent femoral saphenous valve; two perforators were present, one four inches below the knee joint and another four inches above the ankle joint. There was edema over the foot and ankle and also pigmentation due to stasis. History indicates this began in 1965, so obviously his disability arose before the date in question (12/31/72). He had surgery on the left lower extremity in 1962. He had the dermatitis since World War II. This patient-member is *not* an alcoholic. In my opinion, Mr. Homer Garrett was disabled from performing any gainful occupation prior to December 31, 1972."

The record also contains an affidavit of Gerald Paris. Plaintiff was employed by Mr. Paris from September, 1972, to September, 1973, to do farm work. Mr. Paris states that plaintiff was unable to do this type of work because of shortness of breath, difficulties stemming from varicose veins, and a nervous condition resulting from these physical problems. Mr. Paris indicates that he kept plaintiff in his employ out of the goodness of his heart and not because plaintiff was able to perform the farm work.

■ It is well-settled that in reviewing a Social Security case of this kind, a court is not to re-weigh the evidence. Its limited function is to determine whether the Secretary's decision is supported by substantial evidence. *See, e. g., Trujillo v. Richardson,* 429 F.2d 1149 (10th Cir. 1970). Substantial evidence means such relevant evidence as a realistic mind might accept as adequate to support the Secretary's conclusion. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The claimant

has the burden of proving some medically determinable impairment which prevents him from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1) and (3). Relevant evidence may include objective medical facts, medical and lay opinions, and subjective evidence of disability. Opinion and subjective evidence must be evaluated by the Administrative Law Judge with due consideration for credibility, motivation, and medical evidence of impairment. *Dvorak v. Celebrezze,* 345 F.2d 894 (10th Cir. 1965).

■ There is a good deal of conflict in the evidence in this case. There is some medical evidence of pulmonary problems and Mr. Paris' statement concerning plaintiff's shortness of breath. Plaintiff, at the hearing, however, said that he had no breathing problems. Several medical reports show that weight reduction was recommended as at least partially effective treatment for plaintiff's varicose veins. Plaintiff, however, testified that his weight has been approximately the same for the last ten years. Obesity is a remediable condition and not disabling within the meaning of the Act. *See, e. g., Mayhue v. Gardner,* 294 F.Supp. 853 (D.Kan.1968), aff'd 416 F.2d 1257 (10th Cir. 1969). This is so even when the obesity exists in combination with other impairments. *Williams v. Gardner,* 363 F.2d 870 (5th Cir. 1966). We noted earlier the contradictory statements of Dr. Eggleston.

■ As we stated above, it is the function of the Administrative Law Judge to weigh the evidence, including the testimony of a claimant and medical and lay opinion evidence. Upon careful consideration, we are unable to conclude that the decision of the Secretary was not based upon substantial evidence.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment be and hereby is sustained. Counsel for defendant shall prepare, circulate and forward for the court's approval a Journal Entry of Judgment reflecting the holding of the foregoing Memorandum and Order.