Homer W. **DOUGHTY**, Plaintiff,

v.

Margaret **HECKLER**, Secretary of Health and Human Services, Defendant.

Civ. A. No. 83–1407.

United States District Court, D. Kansas.

Oct. 5, 1984.

Dennis L. Phelps, Wichita, Kan., for plaintiff.

Stephen Lester, Asst. U.S. Atty., Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This case is an appeal pursuant to 42 U.S.C. § 405(g) of a denial of Social Security disability benefits by Margaret M. Heckler, Secretary of Health and Human Services [the Secretary]. This case is currently before the Court on the motion of the Secretary to affirm the decision of the Secretary and on the cross-motion of Doughty for summary judgment. For the reasons that follow, the decision of the Secretary shall be reversed and this case remanded to the Secretary for further proceedings in accord with this memorandum and order.

Doughty filed an application for disability benefits under 42 U.S.C. § 423. This application was denied and the denial upheld after reconsideration by the Social Security Administration. On June 28, 1982, a hearing before an administrative law judge [ALJ] was held at Doughty's request, at which Doughty appeared with counsel and testified along with his wife. On November 23, 1982, the ALJ rendered a decision finding that Doughty was not suffering from a disability and therefore was not entitled to disability benefits. The Appeals Council affirmed the decision of the ALJ on February 23, 1983. The decision of the ALJ thus stands as the final decision of the Secretary.

This Court is quite familiar with the standards to be applied when reviewing a decision of the Secretary. The standard of review in this case is established by 42 U.S.C. § 405(g), which provides that "the finding of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Substantial evidence is that evidence which a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It is not the duty of this Court to reweigh the evidence. *Garrett v. Califano*, 460 F.Supp. 888, 890 (D.Kan.1978); *Manigan v. Califano*, 453 F.Supp. 1080, 1086 (D.Kan. 1978). Substantial evidence, however, must be more than a mere scintilla. *Perales*, 402 U.S. at 401, 91 S.Ct. at 1427. This Court cannot affirm the Secretary's decision by isolating a few facts and calling them "substantial evidence." *Cline v. Califano*, No. 78–4166 (D.Kan., *unpublished*, August 31, 1979). It is this Court's duty to scrutinize the entire record to determine whether the Secretary's conclusions are rational. *Keef v. Weinberger*, 404 F.Supp. 1193, 1196 (D.Kan.1975); *Mitchell v. Weinberger*, 404 F.Supp. 1213, 1215 (D.Kan. 1975). In applying these standards, the Court must keep in mind that the purpose of the Social Security Act is to ameliorate some of the rigors of life for those who are disabled or impoverished. *Dvorak v. Celebrezze*, 345 F.2d 894 (10th Cir.1965).

In this case, the ALJ determined that Doughty was not disabled through application of the medical-vocational guidelines found at 20 C.F.R. Subpart P, Appendix 2 [the grid]. The ALJ determined that Doughty retained the physical capacity to perform sedentary work and therefore, based upon Rules 201.18–.20, a decision of not disabled was indicated.

However, the ALJ's application of the grid in this instance is inappropriate. The grid may be used only when the claimant suffers solely from exertional limitations. *Nicks v. Schweiker*, 696 F.2d 633, 636 (8th Cir.1983); *Gagnon v. Secretary of Health and Human Services*, 666 F.2d 662, 665 (1st Cir.1981); *Barker v. Schweiker*, No. 82–1264 (D.Kan., *unpublished*, April 14, 1983). When a claimant also suffers from non-exertional limitations, the ALJ must determine whether those non-exertional limitations prevent the claimant from performing the work to which he is restricted by his exertional limitations. 20 C.F.R. Subpart P, Appendix 2, § 200.-00(e)(2).

In this case, there was substantial evidence of several non-exertional limitations

endured by Doughty. The ALJ recognized that Doughty had episodes of chest pain, although discounting Doughty's claims of their severity and duration. *See* Tr. 14–15. Dr. R.L. Sifford, who examined Doughty for the Social Security Administration, described this chest pain as "not exertional." Tr. 145.

Doughty also suffered residual effects from a cerebrovascular accident or stroke that occurred in 1981. This stroke resulted in mild organic brain syndrome caused by a marked restriction in the cerebral arteries. *See* Tr. 124. This disorder was evidenced by several limitations of Doughty's mental processes. After his stroke, Doughty suffered from a speech stutter. Tr. 126. Doughty also suffers from a short-term memory loss. Tr. 154. He and his wife testified that he often would begin a task and forget in the middle of it what he was doing. Tr. 42–43, 45–46, 53–56, 59. A psychiatric consultant for the Social Security Administration, Dr. Fred deWit, noted that Doughty had somewhat impaired judgment and was beginning to show paranoid preoccupations. He also stated that Doughty mislabeled a triangle as a rectangle. He further noted that Doughty suffered from anxiety and concluded "[i]t is questionable as to whether he can stand the stress and pressures of a daily job." Tr. 154. Doughty also complains of headaches but these complaints were dismissed by the ALJ because there were no signs of "severe, unrelenting headaches." Tr. 15.

Obviously Doughty suffered from several non-exertional limitations of varying degrees of severity. His organic brain syndrome may not have been quite severe enough to constitute a disability in and of itself. *See* 20 C.F.R. Subpart P, Appendix 1, § 12.02. However, it clearly was a limitation on his ability to work. Doughty offered as evidence at his hearing a report from a vocational expert, Dr. John A. Allen, who stated that it was unlikely that Doughty could ever obtain significant gainful employment because of the combined effects of his exertional and non-exertional limitations. Tr. 166–67. The Secretary offered no evidence to the contrary. Yet, in the face of this evidence, the ALJ found that Doughty "has no nonexertional limitation which seriously limits his ability to perform sustained sedentary type work functions." Tr. 17, ¶ 10. This finding is wholly unsupported by substantial evidence. It is therefore necessary to reverse the decision of the Secretary and remand the case to the Secretary for further action. On remand, the ALJ should give greater consideration to the severity and effect of Doughty's several non-exertional limitations and their impact upon his ability to obtain employment of even a sedentary nature.

IT IS THEREFORE ORDERED that the motion by the Secretary to affirm the decision of the Secretary is hereby denied.

IT IS FURTHER ORDERED that the motion by Doughty for summary judgment is hereby granted, the decision of the Secretary is hereby reversed, and this case is remanded to the Secretary for further proceedings in accord with this memorandum and order.