**Dorothy F. TAYLOR, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 86–1378–T.**

United States District Court, D. Kansas.

May 19, 1987.

**438**

David H.M. Gray, Gragert, Hiebert & Gray, Wichita, Kan., for plaintiff.

Stephen K. Lester, Asst. U.S. Atty., Wichita, Kan., for defendant.

## OPINION AND ORDER

THEIS, District Judge.

This action is a timely appeal pursuant to 42 U.S.C. § 405(g) from a denial of Social Security disability benefits by Otis R. Bowen, Secretary of Health and Human Services ("the Secretary"). The case is currently before the Court on the motion of the Secretary to affirm the Secretary's decision and on the cross-motion of the plaintiff, Dorothy F. Taylor, for summary judgment.

Taylor previously filed an application for disability benefits on April 21, 1983, which was denied initially and by a reconsideration determination dated November 15, 1983. Taylor did not appeal this decision. Taylor filed her new application for disability insurance benefits on April 9, 1985, alleging the same onset date and making precisely the same claims of impairment that she had made previously. The administrative law judge ("ALJ") stated that he refused to reopen the prior case and, therefore, considered the Secretary's decision final through November 15, 1983.

Initially, the Secretary argues, citing *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), that the doctrine of administrative res judicata precludes consideration of Taylor's 1983 application. According to *Taylor v. Heckler*, 738 F.2d 1112, 1114 (10th Cir.1984), when a claim, which is the same claim for res judicata purposes, is nonetheless reconsidered on the merits to any extent at the administrative level, it is treated as having been reopened even when there is no actual reopening. This exception to administrative res judicata applies even if the Secretary relies upon the argument that the claim is barred by res judicata. *See Jelinek v. Heckler*, 764 F.2d 507, 508 (8th Cir.1985).

In this case, Taylor made the same claims on her 1983 and 1985 applications. She alleged the same impairment that had been alleged previously. The same diagnosis was listed on the disability determination form. Her claim was denied after an evaluation of the impairment, which evaluation included evidence that predated her original application. No mention was made in the disability denial of res judicata precluding consideration of the disability. Taylor requested reconsideration of this denial on July 3, 1985. Reconsideration was denied, again without mention of res judicata. Therefore, Taylor's initial claim of disability was again reviewed on the merits. It was not until the ALJ ruled on March 21, 1986, that the Agency took the position that it would not reopen the prior application. Since the issues were considered on the merits at two administrative levels, the Court holds that the *Taylor* exception to administrative res judicata applies. Alternatively, the Court holds that good cause existed to reopen the decision, since the evidence "clearly shows on its face that an error was made." 20 C.F.R. § 404.989(a)(3) (1986). Therefore, plaintiff's initial disability claim, as of August 2, 1982, is properly before the Court.

On March 21, 1986, following a hearing, the ALJ found that Taylor was not under a disability as defined in the Social Security Act. On April 24, 1986, the Appeals Council of the Social Security Administration

denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Secretary.

■ This Court is quite familiar with the standards to be applied when reviewing a decision of the Secretary. The standard of review in this case is established by 42 U.S.C. § 405(g), which provides that "the finding of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." Substantial evidence is that evidence which a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402, 91 S.Ct. 1420, 1427–28, 28 L.Ed.2d 842 (1971). It is not the duty of the Court to reweigh the evidence. *Garrett v. Califano*, 460 F.Supp. 888, 890 (D.Kan.1978); *Manigan v. Califano*, 453 F.Supp. 1080, 1086 (D.Kan.1978). Substantial evidence, however, must be more than a mere scintilla. *Perales*, 402 U.S. at 403, 91 S.Ct. at 1428. This Court cannot affirm the Secretary's decision by isolating a few facts and calling them "substantial evidence." *Cline v. Califano*, No. 78–4166 (D.Kan., *unpublished*, August 31, 1979). It is the Court's duty to scrutinize the entire record to determine whether the Secretary's conclusions are rational. *Keef v. Weinberger*, 404 F.Supp. 1193 (D.Kan.1975). In applying these standards, the Court must keep in mind that the purpose of the Social Security Act is to ameliorate some of the rigors of life for those who are disabled or impoverished. *Dvorak v. Celebrezze*, 345 F.2d 894 (10th Cir.1965).

The uncontroverted facts are as follows. Taylor's disability stems from an automobile accident on June 24, 1980, which caused orthopedic impairments and brain damage. On June 25, 1980, Taylor was treated at St. Joseph's Medical Center after a vehicular accident. The back of her head broke the back window of the pickup truck in which she was riding. She complained of headaches and severe pain in her shoulder and neck. While she initially responded to treatment, and was released for work on September 30, 1980, she subsequently endured recurring pain in her neck and shoulder, which radiated down her arm. A herniated disc was discovered some time later. On October 17, 1981, Taylor underwent an anterior cervical discectomy. While some improvements were noted, some of her deficits were judged permanent. In a letter dated February 13, 1983, Dr. John Krupka noted a 20 to 25 percent disability in Taylor's left hand. Taylor was later treated by her family physician, Dr. Robert McKerracher, who determined after numerous tests that Taylor became unable to perform her work on August 2, 1982, since she had constant pain and weakness in her left arm, could lift no more than 15 pounds, and relied on analgesics.

Dr. McKerracher concluded that Taylor's prognosis was poor. A Social Security consultative examination by Dr. Phillip Mills, confirmed plaintiff's treating physician's assessment. Dr. Robert Worsing, who saw Taylor for an insurance company evaluation, stated that Taylor's chances of functional employment were minimal at best. Taylor testified that she could not sit for more than one hour, that she could lift 10 to 15 pounds infrequently, that she does not sleep well, that she has memory difficulties, and that she moves very slowly. She consulted Dr. Les Ruthven for treatment of her emotional problems. Dr. Ruthven concluded that she suffered impairment of neuropsychological functions due to traumatic brain injury, with significant depression as a consequence of the brain damage. Dr. Ruthven stated that Taylor might be able to work on a part-time basis at duties substantially below the level of her former work. Taylor has not seen her doctors much in recent years because there is little more that can be done for her impairment.

■ The Court agrees with plaintiff that the ALJ's determination that she was not disabled is not supported by substantial evidence, for a number of reasons. First, the ALJ found that Taylor's ability to work was limited to sedentary employment. Plaintiff's treating physician, Dr. McKerracher, found that she could not sit for more than one hour before developing headaches and neck and arm pain. The ability to perform sedentary employment

requires the ability to sit for a significant period of time. *See Retkofsky v. Heckler,* No. 83–1795 (D.Kan., *unpublished,* July 17, 1984). Dr. Worsing concluded that the combination of Taylor's physical impairments and psychological reaction made her unable to work. The ALJ's conclusion that Taylor could perform sedentary work is not supported by substantial evidence.

■ Second, the ALJ ignored Taylor's allegations of pain and failed to properly evaluate them under the revised criteria. The claimant gave extensive testimony regarding her pain, which was corroborated by the findings of her physicians. The ALJ held that a finding of "disability cannot be based solely on the claimant's subjective complaints of pain." Tr. 16. In *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984), the court held that the absence of objective medical evidence was but one factor for the adjudicator to examine regarding allegations of pain. The court held that the ALJ "must give full consideration to all of the evidence" relating to pain, including the claimant's daily activities, the duration, frequency and intensity of the pain, precipitating and aggravating factors, the dosage, effectiveness and side effects of medication, and functional restrictions. *Id.; See also Richard v. Bowen,* No. 86–1075–T (D.Kan., *unpublished,* November 17, 1986). Since the ALJ failed to consider these other factors, the case shall be reversed. When the ALJ does not believe plaintiff's subjective testimony, he is required to make specific findings supporting his belief. *Espinosa v. Secretary,* 565 F.Supp. 810 (D.Kan. 1983). Here, the ALJ made no specific findings that Taylor's testimony was not credible.

■ Third, the ALJ ruled that "any possible depression or limitation the claimant may have is not seriously disabling." Tr. 16. Then the ALJ concluded that Taylor's brain damage, her resulting depression and her related psychological impairments had no effect on her ability to perform sedentary employment. To reject the psychologist's report, the ALJ stated that the report conflicts with plaintiff's "reasonably good intellectual capacity." Tr. 16. The

ALJ relied on Taylor's attending physician's notes that plaintiff's mental status was normal. However, Dr. McKerracher is not a psychologist or psychiatrist. The ALJ also relied on the absence of psychiatric hospitalization to support his conclusion. This is insignificant because plaintiff was unaware of the cause of her difficulties until after Dr. Ruthven's evaluation. *See O'Farrell v. Secretary,* No. 84–1436–T (D.Kan., *unpublished,* April 9, 1985) (a person suffering from mental difficulties may be particularly unable to recognize the need to seek treatment). Finally, there is no substantial evidence disputing the existence of disabling brain damage and psychological impairments. The ALJ improperly labeled plaintiff's brain damage and depression as not severely disabling, since only the most trivial impairments may be labeled as not severe. *McDaniel v. Bowen,* 800 F.2d 1026 (11th Cir.1986).

■ Finally, since the ALJ disregarded the significance of Taylor's brain damage and psychological impairments, he failed to analyze the impact of the combination of Taylor's various impairments. Although the ALJ did mention the combination of impairments, he made no analysis of their synergistic effect. Thus, the ALJ failed to consider the combined effects of Taylor's physical and psychological ailments, as the law requires. *Gold v. Secretary,* 463 F.2d 38 (2nd Cir.1972); *Espinosa v. Secretary,* 565 F.Supp. at 812.

■ The Court holds that the ALJ's finding that the plaintiff is not disabled is not supported by substantial evidence. In light of the significant evidence in the record attesting to the disabling effects of Taylor's physical disabilities and brain damage, and the dearth of evidence to support the Secretary's conclusions, the Court finds that no useful purpose would be served by remanding this case for further consideration. The only reasonable conclusion to be drawn from the record is that Taylor is completely disabled. *See Teter v. Heckler,* 775 F.2d 1104, 1107 (10th Cir.1985); *Kreie v. Bowen,* No. 84–1761–C (D.Kan., *unpublished,* January 30, 1987); *Gleysteen v. Heckler,* No. 84–1130–K (D.Kan., *unpub-*

*lished,* March 12, 1985). No purpose would be served by remand other than to delay the receipt of benefits to which Taylor is entitled. *See Marshall v. Heckler,* No. 81–1536–T (D.Kan., *unpublished,* April 16, 1985).

IT IS THEREFORE ORDERED that the motion by the Secretary for an order affirming the decision of the Secretary is hereby denied.

IT IS FURTHER ORDERED that the motion by Taylor for summary judgment is hereby granted and the Secretary is ordered to grant Taylor disability benefits as of August 2, 1982.