**Joseph L. LARSON, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 81–2354.**

United States District Court,
D. Kansas.

March 18, 1986.

Muriel Yates Harris, Kansas City, Kan., for plaintiff.

Benjamin L. Burgess, U.S. Atty., Janice Miller Karlin, Asst. U.S. Atty., Paul P. Cacioppo, Regional Atty., Region VII, Dept. of Health & Human Services, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendant's motion for an order affirming the Secretary's decision ordering recovery of an overpayment of Social Security benefits to the plaintiff. For the following reasons, defendant's motion will be denied.

This matter arises out of the plaintiff's receipt in 1974, 1975 and 1976 of insurance benefits while a minor. Plaintiff's mother received the benefits as representative payee for plaintiff. In 1974, at about age 16, plaintiff began working part-time and continued working in 1975 and 1976. Due to his earnings, an overpayment accrued in the amount of approximately $2,400.00.

Plaintiff requested that the overpayment be waived. His requests were considered and reconsidered, but denied. On July 28, 1981, after a hearing, an Administrative Law Judge (hereinafter ALJ) denied plaintiff's requests for waiver of the overpayment. Plaintiff then commenced an action in this court for review of the Secretary's decision. We remanded the case to the Secretary for rehearing. Specific issues to be addressed included: whether the payments were properly applied to plaintiff's benefit by his representative payee; whether plaintiff was without fault; whether he was coerced into making false statements concerning his future earnings; and whether he relinquished a valuable right in relying upon receipt of the overpayment.

On rehearing, the ALJ found the following:

1. Claimant was overpaid in the amount of $2,394.80 for the period from 1974–1976.

2. Claimant's mother, as his representative payee, properly used the Social Security payments to claimant's benefit.

3. Claimant did not relinquish a valuable right based on the Social Security overpayment, and the question of equity is therefore not applicable in this case.

4. Claimant's contention that he was coerced by his mother to make incorrect earnings reports is not a factor for determination of fault.

5. Claimant was at fault in causing the overpayment.

6. Refund of the overpayment would not defeat the purpose of Title II of the Social Security Act.

7. Refund of the overpayment would not be against equity in good conscience.

8. Recovery of the overpayment is not waived and is therefore required from the claimant. Tr. at 213.

The ALJ's findings stand as the final decision of the Secretary. Judicial review of the final decision of the Secretary is pursuant to 42 U.S.C. § 405(g). The court has the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary. The findings of fact by the Secretary are conclusive if supported by substantial evidence. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The court will not reweigh the evidence submitted to the ALJ, *Garrett v. Califano,* 460 F.Supp. 888, 890 (D.Kan.1978), or merely rubber-stamp the findings of the ALJ, *Mitchell v. Weinberger,* 404 F.Supp. 1213, 1215 (D.Kan.1975).

In determining whether the Secretary's decision is based on substantial evidence, the court must look to the Social Security Act and the regulations promulgated by the Secretary at 20 C.F.R. § 404. According to section 404.506, the Secretary may not recover overpayment from an individual:

(a) Who is without fault, and

(b) Adjustment or recovery would either:

(1) Defeat the purpose of title II of the Act, or

(2) Be against equity and good conscience.

To determine whether an individual is at fault, "the Administration will consider all pertinent circumstances, including his age, intelligence, education, and physical and mental condition." 20 C.F.R. § 404.507. Furthermore, what constitutes fault depends upon whether the facts show that the incorrect payment resulted from:

(a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or

(b) Failure to furnish information which he knew or should have known to be material; or

(c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

*Id.* at § 404.507.

Additionally, the regulations provide that an individual may not be considered "without fault" if there is evidence to show either:

a lack of good faith or failure to exercise a high degree of care in determining whether circumstances which may cause deductions from his benefits should be brought to the attention of the Administration by an immediate report or by return of a benefit check. The high degree of care expected of an individual may vary with the complexity of the circumstances giving rise to the overpayment and the capacity of the particular payee to realize that he is being overpaid. Accordingly, variances in the personal circumstances and situations of individual payees are to be considered in determining whether the necessary degree of care has been exercised by an individual to warrant a finding that he was without fault. . . .

*Id.* at § 404.511(a).

When this court remanded this action, we ordered the ALJ to first determine whether the Social Security income received by plaintiff's mother, as his representative payee, was properly applied for plaintiff's benefit. We held that in order to hold a claimant liable for overpayment, made while he was a minor, the ALJ must make an express finding that the benefits were properly applied to the claimant's benefit. Upon remand, the ALJ determined that the benefits were properly used by plaintiff's mother to the benefit of plaintiff. We hold that this finding is supported by substantial evidence. The funds were used by plaintiff's mother for shelter, food and household expenses, from which plaintiff clearly benefitted.

The ALJ next found that plaintiff was not "without fault." This finding was based upon the plaintiff's acknowledgement that he knowingly understated his expected future earnings and that he knew it was wrong to do so. Although the ALJ considered plaintiff's testimony that his mother coerced him into making the false and incorrect statements, the ALJ found that this coercion was not a factor for determination of fault under 20 C.F.R. § 404.507. We strongly disagree with the ALJ's findings concerning plaintiff's fault. In our Memorandum and Order of December 13, 1982, remanding this action, we held that "[i]n determining whether the plaintiff was at fault, the ALJ should have considered 'all pertinent circumstances' including possible coercion. We believe that coercion, particularly when directed at a minor by his parent, tends to negate the conclusion that the minor was not without fault." Memorandum and Order at 7 (citation omitted).

There was substantial evidence presented that plaintiff was in fact coerced by his

mother into making the false reports of future earnings. Plaintiff testified that his mother threatened to put him in a juvenile detention home until he reached 18 if he did not misinform the Social Security Administration. The ALJ found that this coercion could not be considered in determining that plaintiff was without fault. In fact, the ALJ interpreted the claimant's testimony as further indication that he knew what he was doing was wrong.

Section 404.507 of Title 20 of the Regulations mandates that "all pertinent circumstances" must be considered in determining fault. The individual's age and mental condition are circumstances that may be considered. *Id.* The prospect of becoming a ward of the state certainly affected the mental condition of this 16–year old boy. We therefore hold that the ALJ's determination that plaintiff was not "without fault" is totally erroneous and unsupported by substantial evidence. We hold that plaintiff was "without fault" as prescribed by the regulations.

Although it was not necessary to do so, the ALJ further addressed the second prong of the test to determine whether waiver of the overpayment was appropriate. As discussed above, the second prong of the test provides that recovery of the overpayment is not appropriate if (1) it would defeat the purpose of Title II of the Social Security Act or (2) it would be against equity and good conscience. *Id.* at § 404.506(b).

The ALJ concluded that recovery of the overpayment from plaintiff would not be against equity and good conscience because plaintiff did not give up any valuable right or change his position for the worse in reliance upon the payments. We find that there is not substantial evidence to support the Secretary's decision.

According to section 404.509 of Title 20 of the Regulations, " '[a]gainst equity and good conscience' means that adjustment or recovery of an incorrect payment ... will be considered inequitable if an individual ... by reason of the incorrect payment, relinquished a valuable right ... or changed his or her position for the worse...."

In the present case, plaintiff's mother was receiving Aid to Families with Dependent Children (hereinafter AFDC) benefits. The plaintiff was a full-time student during this period and none of his earnings affected the amount of the AFDC grant. The amount of Social Security benefits did, however, affect the amount of the AFDC grant. The extra amount of Social Security benefits plaintiff received, based on his incorrect projection of future earnings, reduced the amount of AFDC benefits the family received. Thus, because plaintiff's mother coerced plaintiff to make false representations about his prospective earnings, plaintiff relinquished a right to share in greater AFDC benefits. We therefore hold that there was not substantial evidence to support the ALJ's findings that plaintiff had not relinquished a valuable right and that it would not be against equity and good conscience to recover the overpayment.

Accordingly, we hold that under 20 C.F.R. § 404.506, recovery of the overpayment against plaintiff would not be appropriate because plaintiff was without fault and it would be against equity and good conscience to so act. The defendant's motion for an order affirming the Secretary's decision must therefore be denied.

IT IS THEREFORE ORDERED that the defendant's motion for an order affirming the Secretary's decision requiring plaintiff to refund the overpayment is denied. This matter is remanded to the Secretary for action in accordance with this order.