Shirley A. HOLLOWAY, Plaintiff,

v.

Margaret HECKLER, Secretary of
Health and Human Services,
Defendant.

Civ. A. No. 84-1148.

United States District Court,
D. Kansas.

Feb. 12, 1985.

Michael H. Morgan, Legal Aid Society of Wichita, Inc., Wichita, Kan., for plaintiff.

Stephen Lester, Asst. U.S. Atty., Wichita, Kan., for defendant.

## OPINION AND ORDER

THEIS, District Judge.

This action is an appeal pursuant to 42 U.S.C. § 405(g) of a denial of Social Security disability benefits by Margaret M. Heckler, Secretary of Health and Human Services [the Secretary]. The case is currently before the Court on the motion of the Secretary to affirm the Secretary's decision and the cross-motion of plaintiff Shirley A. Holloway for an order reversing the decision of the Secretary. For the reasons that follow, the decision of the Secretary shall be reversed and this case remanded to the Secretary for further proceedings in accord with this opinion and order.

Holloway filed an application for disability insurance benefits pursuant to 42 U.S.C. § 423 on January 18, 1983. The application was denied. On September 12, 1983, a hearing was held before an administrative law judge [ALJ], at which Holloway appeared with counsel and testified. The ALJ rendered a decision on October 25, 1983, finding that Holloway was not suffering from a disability and therefore was not entitled to disability benefits. In addition, the ALJ denied Holloway's request for a consultative medical examination. On January 24, 1984, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Secretary.

▉▉ The Court is familiar with the standards to be applied when reviewing a decision of the Secretary. The standard of review in this case is established by 42 U.S.C. § 405(g), which provides that "the finding of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Substantial evidence is that evidence which a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 402, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

It is not the duty of this Court to reweigh the evidence. *Garrett v. Califano,* 460 F.Supp. 888, 890 (D.Kan.1978); *Manigan v. Califano,* 453 F.Supp. 1080, 1086 (D.Kan. 1978). This Court cannot affirm the Secretary's decision by isolating a few facts and calling them "substantial evidence." *Cline v. Califano,* No. 78–4166 (D.Kan., *unpublished,* August 31, 1979). It is this Court's duty to scrutinize the entire record to determine whether the Secretary's conclusions are rational. *Keef v. Weinberger,* 404 F.Supp. 1193, 1196 (D.Kan.1975); *Mitchell v. Weinberger,* 404 F.Supp. 1213, 1215 (D.Kan.1975). In applying these standards, the Court must keep in mind that the purpose of the Social Security Act is to ameliorate some of the rigors of life for those who are disabled or impoverished. *Dvorak v. Celebrezze,* 345 F.2d 894 (10th Cir.1965).

The procedural history of the case is important to a resolution of the issues. When Holloway filed her application for supplemental security income benefits, she provided the Secretary with the authorization to obtain medical information from her treating physicians, Tr. 56, the name and address of the chiropractor who then was treating her back condition, Tr. 81, and the name and address of Dr. Val Brown, her treating physician since 1967, from whom x-rays of her back and chest could be obtained. Apparently, at no time did the Secretary or the ALJ gather or obtain medical information from Holloway's treating physicians.

On February 18, 1983, the Secretary sent Holloway to Dr. Larry Birch for a consultative examination. Tr. 95. On April 6, 1983, the Secretary sent the plaintiff for another consultative examination of her back condition to Dr. P. Odulio. Tr. 107. Plaintiff's attorney requested a mental evaluation at the government's expense, Tr. 118, which request was denied by the ALJ in his decision on October 25, 1983. Tr. 22.

Although Holloway complained of substernal chest pain brought on by emotion,

3

in his decision the ALJ repeated the findings of the consulting physicians that an electrocardiogram exhibited no irregular heart action or extensive cardiac damage. The ALJ also reiterated the consulting physician's notations that the claimant could bend her back, flexing it 70 degrees, and could side bend 20 degrees. From this evidence, the ALJ concluded that Holloway could perform a wide range of sedentary work. Considering in addition her age and level of education, under Rule 201.24, Table No. 1 of Appendix 2 of 20 C.F.R. Subpart P, the ALJ concluded that Holloway is not disabled.

It is important to note that the ALJ considered only the reports of the consulting physicians and not the medical evidence from her treating physicians that Holloway offered to the ALJ. Although the Appeals Council examined questionnaires completed by her treating physicians and submitted by Holloway in her request for review of the ALJ's decision, the Appeals Council discounted the forms filled out by Doctors Wilbeck and Brown because no medical records accompanied the questionnaires. In the present appeal, Holloway contends that the decision of the Secretary is not supported by substantial evidence because the ALJ did not afford her a full and fair hearing.

First, Holloway claims that she was not given a full and fair hearing because her request for a consultative psychiatric examination was denied. The regulations adopted by the Secretary provide that the ALJ shall "loo[k] fully into the issues … and accep[t] as evidence any documents that are material to the issues." C.F.R. § 404.944. Numerous cases have interpreted that the ALJ "must fully and fairly develop the facts." *Ford v. Secretary of Health and Human Services,* 659 F.2d 66, 69 (5th Cir.1981). In *Echevarria v. Secretary of Health and Human Services,* 685 F.2d 751, 755 (2d Cir.1982), the court held that in a social security benefits proceeding, an administrative law judge, unlike a judge in a trial, must himself affirmatively develop the record.

Holloway requested a consultative mental examination, which request was denied by the ALJ. Holloway contended that the psychiatric examination was necessary because she claimed many of her physical symptoms emanated from and were amplified by her psychological difficulties. In addition, she argued that the extent of her physical symptomology was underestimated due to a failure to evaluate the underlying psychological causes.

Holloway testified that she had "bad nerves," suffered from shaking hands and arms, lost her hair recently due to nerves, and was prescribed benadryl by Dr. Brown for her nerves. Tr. 38. She further testified that she saw a doctor for her nerves two years prior to the hearing, Tr. 43, and that she was given shots for her nerves seven years prior to the hearing. Tr. 44. One of the consulting physicians, Dr. Larry Birch, determined that some of Holloway's chest pains were emotionally induced. Tr. 97. In addition, Dr. Val Brown concluded that Holloway suffered from extreme somatic pains, emotional instability and chronic anxiety. Tr. 122.

In his rejection of Holloway's request for a mental examination, the ALJ stated:

[T]he Administrative Law Judge finds no good reason in the record to believe that the claimant suffers from severe emotional anxiety and apprehension. *She has not been treated intensively with any kind of psychiatric or psychological care either on an inpatient or outpatient basis.* Further consultative evaluation is not necessary to this decision. Tr. 22 (emphasis added).

Although faced with enough evidence to warrant questioning the existence and extent of psychosomatic illness, the ALJ put Holloway in a Catch-22 position: she was not allowed a consultative mental examination because she had not had psychiatric help in the past. Not only did the ALJ ignore the evidence from Holloway, Dr. Birch and Dr. Brown that the claimant was in need of psychiatric care, but the ALJ further failed to consider that Holloway

could not afford to pay for her own psychiatrict evaluations. Tr. 50.

A number of cases have held that consultative psychiatric examinations were necessary to enable the ALJ to make an informed decision. *See, e.g., Ford*, 659 F.2d at 69; *Davis v. Califano*, 599 F.2d 1324, 1326 (5th Cir.1979). In the instant case, given the evidence adduced by the plaintiff that her claims may have been underestimated because of the failure to obtain a consultative psychiatric examination, the Court holds that the ALJ improperly denied Holloway's claim for benefits without first obtaining a consultative examination by a psychiatrist.

█ Second, Holloway contends that she was not afforded a full and fair hearing because the ALJ failed to obtain information from her treating physicians. As noted above, the ALJ has an affirmative duty to develop the factual record. *See Echevarria*, 685 F.2d at 755. The ALJ must make a full inquiry into the claimant's condition. *Espinosa v. Secretary of Health and Human Services*, 565 F.Supp. 810, 814 (D.Kan.1983). Holloway gave the ALJ the names and addresses of her two treating physicians and a release of information form. Dr. Val Brown had treated Holloway since 1967. Dr. Brown concluded that Holloway was illogical, poorly motivated, had paranoid tendencies, and was ill equipped to deal with problems and come to correct conclusions. Tr. 24, 123. Although Holloway informed the ALJ at the hearing that Dr. Brown would be submitting a report, the ALJ rendered its decision on October 25, 1983, two months before he received Dr. Brown's report on December 21, 1983.

The opinion of the treating physician must be entitled to great weight by the trier of fact. *Broadbent v. Harris*, 698 F.2d 407 (10th Cir.1983); *Marshall v. Schweiker*, No. 81–1536 (D.Kan., *unpublished*, April 21, 1983). Reports of government consultative physicians who examine a disability claimant only once are accorded little weight, especially when they are inconsistent with the reports of treating physicians. *Espinosa*, 565 F.Supp. at 813. The consulting physicians, after each had examined Holloway once, concluded that she had a wide range of motion, but failed to discuss any psychological difficulties in depth. Holloway's treating physicians, whose records the ALJ did not consider, determined that Holloway may have severe and potentially incapacitating emotional and psychosomatic difficulties. Where relevant, probative and available evidence is not explicitly weighed in arriving at a decision on a plaintiff's claim for disability benefits, the reviewing court may remand for consideration of such evidence. *Dobrowlsky v. Califano*, 606 F.2d 403, 407 (3d Cir.1979). In the present case, the evidence is simply insufficient to support a denial of benefits.

The ALJ failed to consider evidence from Holloway's treating physicians. In addition, the ALJ failed to order a consultative psychiatric examination although the facts warranted that a complete medical record be built. Because the record is deficient, the case shall be remanded for further proceedings.

IT IS THEREFORE ORDERED that the motion of the Secretary for an order affirming the decision of the Secretary is denied.

IT IS FURTHER ORDERED that since there is insufficient evidence to support the findings of the Secretary and because the claimant was not afforded a full and fair hearing, this case is hereby remanded to the Secretary for further proceedings consistent with this opinion and order.