**Joanne DILLER, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 86-1153.**

United States District Court, W.D. Pennsylvania.

Feb. 26, 1987.

Cynthia C. Berger, Pittsburgh, Pa., for plaintiff.

Amy Reynolds Hay, Asst. U.S. Atty., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

In this Social Security appeal, plaintiff is caught in a Catch 22 engineered by the Administrative Law Judge. Because the Administrative Law Judge's conduct constitutes an abuse of discretion in violation of the Secretary's regulations, which prevents a fair determination of plaintiff's disability claim, we will vacate the decision of the Secretary and remand.

Plaintiff is a 59 year old female, 5′5″ and weighs 220 lbs. She suffers from degenerative arthritis of the hips, knees, hands, elbows, left ankle and toes of the left foot. Most severely afflicted are the right hip, left knee and right hand. Plaintiff also complains of lost strength and dexterity in her hands which her physician atttributes to carpal tunnel syndrome.

Plaintiff claims that the arthritis seriously impairs her normal function. She is unable to walk without the aid of a walker. Her gait is very slow, guarded and painful. She is unable to sit or stand for long periods because she becomes stiff and the pain increases. She has difficulty sleeping because of the pain. Her treating physician reported that plaintiff was totally disabled.

The Administrative Law Judge concluded that plaintiff was not disabled, but rather was able to perform her past work as a telephone secretary. The Administrative Law Judge relied largely on the observation that plaintiff failed to submit sufficient objective medical evidence to substantiate her complaints. In the absence of such evidence the Administrative Law Judge discounted plaintiff's subjective complaints and the treating physician's report and denied disability.

Plaintiff avers that she has no health insurance, her husband is disabled and due to her indigency she cannot afford the x-rays and other diagnostic tests her doctor has prescribed. Plaintiff's counsel and her treating physician both informed the ALJ that the absence of x-rays and other tests was due entirely to plaintiff's inability to pay for those procedures. The Secretary has not disputed these averments.

In an effort to obtain supporting medical evidence, plaintiff requested a consultative examination at agency expense. The Secretary ordered an examination by Dr. Kahn who took only one x-ray of the right hip and submitted a report. Plaintiff has argued that this examination was inadequate for the purpose of assessing plaintiff's impairment and extent of disability.

Section 404.1517, 20 C.F.R., of the Secretary's Regulations provides in pertinent part:

§ 404.1517 Consultative examination at our expense.

(a) Notice of the examination. If your medical sources cannot give us sufficient medical evidence about your impairment for us to determine whether you are disabled or blind, we may ask you to have one or more physical or mental examinations or tests. We will pay for these examinations ...

(b) Reasons why we may need evidence. We may need more medical evidence—

(1) To obtain more detailed medical findings about your impairment(s);

(2) To obtain technical or specialized medical information; or

(3) To resolve conflicts or differences in medical findings or assessments in the evidence we already have.

Further guidance for the purchase of consultative examinations comes from the Secretary's Programs Operation Manual (POMS), § 00401.110(B)(1) in effect at the time of the hearing. Examinations and tests are to be purchased when:

(1) The evidence, both medical and non-medical indicates that the claimant's impairment may prohibit the performance of substantial gainful activity.

(2) The specific additional evidence needed to make a proper determination has been identified.

(3) The Social Security Administration has determined that the claimant's medical resources are unable to provide the needed additional evidence without cost; and

(4) The evidence needed can be acquired through purchase.

Here plaintiff's complaints and the report of her treating physician indicated the existence of a potentially disabling impairment. In fact, the one x-ray ordered by Dr. Khan confirmed severe degenerative arthritis in the right hip.

It is also clear that the one x-ray ordered was inadequate for a fair determination. Plaintiff's physician commented on the deficiencies in the exam, particularly the failure to take other x-rays, and we think it self evident that x-rays of other allegedly affected joints, particularly other weight bearing joints, may confirm or disprove the existence of the disease, and may well establish its severity and extent. The ALJ implicitly recognized the importance of the omission by relying on plaintiff's failure to submit such evidence as a ground for denial of benefits.

■ The Secretary has an obligation to conduct a "full and fair inquiry" when considering a disability claim. Where a claimant suffers an impairment but cannot afford diagnostic studies or treatment, the Secretary may not refuse to order the necessary examination and tests, and then rely on the absence of such guidance to support denial of benefits. *Holloway v. Heckler,* 607 F.Supp. 71 (D.C.Kan.1985). (ALJ erred in failing to consider that claimant could not afford consultative examination, and in denying benefits without ordering an exam at agency expense).

■ In the present case. plaintiff has presented some significant evidence to indicate the existence of severe and widespread degenerative arthritis, which, if substantiated, may result in a finding of disability. Because of financial constraints plaintiff is unable to obtain x-rays of affected joints or other tests which may substantiate her claim. The express purpose of consultative examinations is to obtain such evidence.

We view the consultative exam conducted by Dr. Khan as wholly inadequate in light of plaintiff's complaints and her doctor's diagnosis. The positive and serious findings of the hip x-ray and the potential involvement of other joints, particularly in the lower extremeties, plainly indicated the need for further study.

The refusal to obtain x-rays of other affected joints prevented a full and fair inquiry into the plaintiff's overall condition and her entitlement to disability benefits. Certainly it is error to refuse to obtain such evidence not otherwise available and then to deny benefits for lack of such evidence. *Holloway,* 607 F.Supp. 71.

We will therefore vacate the decision of the Secretary and remand for further proceedings consistent with this Opinion, specifically for the purpose of obtaining diagnostic x-rays of all affected joints and such other tests or examinations as are deemed necessary to a full and fair inquiry.

We also note that the ALJ failed to address plaintiff's complaints of lost strength, grip and manual dexterity in her hands. Plaintiff's doctor has diagnosed this as carpal tunnel syndrome, but indicated the need for nerve conduction studies. We will not require such a test, but we do require a consultative examination

for that condition and such tests as are deemed necessary for proper determination of the existence, nature and extent of this impairment.