**Diane MANNING, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
**Defendant.**

**Civ. A. No. 94–6E.**

United States District Court,
W.D. Pennsylvania.

Jan. 9, 1995.

---

Gerald Sullivan, Northwest Legal Services, Meadville, PA.

John J. Trucilla, Asst. U.S. Atty., Erie, PA.

## OPINION

COHILL, District Judge.

This case is before us on appeal from a final decision by the defendant, Secretary of Health and Human Services (Secretary), denying plaintiff-claimant Diane Manning's claim for Social Security disability benefits. Plaintiff contests the denial of her claim. The parties have submitted cross motions for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons set forth below, we will deny both motions and remand to the Secre-

tary for further proceedings to determine whether Ms. Manning can engage in alternative substantial gainful activity.

## I. *Introduction*

Plaintiff Diane Manning was born on October 17, 1949. She is a high school graduate with some college-level courses. She was given on-the-job training by her last employer, Bethesda Children's Services, a Meadville adolescent treatment facility, where she worked as a counsellor. Ms. Manning was previously employed as a telephone solicitor for an insulation company. She is divorced and has three children living at home. She testified that she left Bethesda because anxiety attacks and depression interfered with her job. R. 39.

## II. *Standard of Review*

■ The standard of review used by this court in reviewing the decision of the Secretary in social security cases is whether substantial evidence exists in the record to support the decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir.1989). Additionally, the Secretary's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir.1979).

■ To be eligible for social security disability benefits, a plaintiff must demonstrate an inability to engage in substantial gainful activity because of a medically-determinable physical or mental impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir.1986).

■ To facilitate the disability determination, the Secretary promulgated a five-step sequential analysis for an Administrative Law Judge (ALJ) to use when evaluating the disabled status of a claimant. 20 C.F.R. § 404.1520; *Jones v. Sullivan,* 954 F.2d 125, 129 (3d Cir.1991). The ALJ must determine (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe

impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her performing past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work that exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520.

■ The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment. *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Secretary to show that the claimant can engage in alternative substantial gainful activity. *Id.*

### III. *Discussion*

■ Applying the first steps of the required analysis, the ALJ determined that Ms. Manning had not engaged in any substantial gainful activity since applying for benefits, and that "medical evidence establishes that the claimant is severely impaired by a personality disorder and hypertension." R. 22. This finding satisfied the claimant's burden of proof. The ALJ further found that Ms. Manning was unable to perform her past relevant work, but that her impairments did not meet the criteria required by 20 C.F.R. 416. R. 22.

The Secretary then had the burden of proving that the claimant was able to perform another job in the national economy in light of her medically proven impairment, age, education, work experience, and residual functional capacity. *Dobrowolsky*, 606 F.2d at 406. The ALJ found that Ms. Manning was not disabled within the meaning of the Social Security Act because she retained the residual functional capacity to engage in substantial gainful activity. R. 22. Our review of the record persuades us that the ALJ lacked substantial evidence for this decision.

■ The plaintiff was examined by Michael Mercatoris, Ph.D., on January 27, 1992. R. 159–65. His report was the primary med-

ical evidence used by the ALJ to decide that Ms. Manning was severely impaired. Dr. Mercatoris concluded that claimant had a personality disorder, but failed to make any finding as to her ability to work. Under 20 C.F.R. § 416.919n(c)(6), a complete consultative examination should include findings regarding the claimant's ability to understand, carry out, and remember instructions, and to respond to supervision, co-workers, and work pressures. Dr. Mercatoris failed to address these issues. Where the medical documentation is unclear or insufficient, it is incumbent upon the Secretary to obtain any additional evidence needed to make a sound determination. *Ferguson v. Schweiker*, 765 F.2d 31 (3d Cir.1985). We agree with the claimant that the ALJ improperly refused to order an additional psychological consultative examination or a referral back to Dr. Mercatoris for findings as to Ms. Manning's ability to work on a regular and continuing basis. Counsel's requests for such at the administrative hearing, and at the Appeals Council, were denied. Dr. Mercatoris' failure to address the crucial issue of work-related limitations in his report resulted in insufficient evidence in this regard. It is error for an ALJ to refuse to obtain a complete consultative examination and then to deny benefits because the record lacks the evidence such an examination could have produced. *Diller v. Bowen*, 654 F.Supp. 628, 630 (W.D.Pa.1987).

The Secretary argues that she met her burden of proof through the expert testimony of L. Leon Reid, Ph.D., who reviewed the medical evidence at the hearing. Def.'s Br. at 12. Dr. Reid agreed with Dr. Mercatoris' diagnosis of a personality disorder, and said that she met some of the criteria required by Part A of Listing 12.08 for personality disorders. He further testified that claimant did not satisfy Part B of Listing 12.08, which requires that the mental impairment established under Part A causes significant functional limitation on daily activities. R. 57, 58. The Secretary argues that Dr. Reid's testimony provided substantial evidence of claimant's ability to work and compensated for any defects in Dr. Mercatoris' report, in that Dr. Reid provided "his professional opinion of the documentary psychological evidence of record, as well as his observations and opin-

ions relating to Plaintiff's hearing testimony." Br. at 12. Dr. Reid, however, had never personally examined the claimant. Dr. Reid was reviewing a record that was noticeably incomplete because there had been no determination of claimant's ability to perform other work. Furthermore, Dr. Reid acknowledges that the conclusions he made from the incomplete medical record were contradicted by plaintiff's own testimony at the administrative hearing. R. 64. Ms. Manning testified repeatedly to her inability to leave the house, to concentrate, or to keep regular appointments, which could prevent her from performing other work on a regular basis. R. 39, 47. The ALJ did not find her testimony fully credible. R. 22.

▮ Thus, in deciding that Ms. Manning was able to perform other work in the national economy, the ALJ relied upon an incomplete report by the treating medical advisor, refused to order further findings on claimant's ability to work, rejected claimant's testimony, and accepted the conclusions of the non-treating medical advisor. We find that this record does not contain substantial evidence to support the ALJ's decision.

Plaintiff also takes issue with the ALJ's reliance on the testimony of vocational expert Samuel Edelmann, because the ALJ posed a hypothetical that did not account for the full extent of her impairment. Mr. Edelmann testified regarding jobs that plaintiff could perform, and identified the jobs of textile worker, order filler, inventory clerk, and janitor as positions available in significant numbers in the national economy that could be performed by an individual with Ms. Manning's capacity. R. 74–75. "[A] vocational expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual physical and mental impairments." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir.1984). Since we find that the ALJ's determination of Ms. Manning's ability to perform other work is not supported by substantial evidence, the specific nature of employment possibilities is an issue to be considered on remand.

## IV.  *Conclusion*

As the ALJ's determination that Ms. Manning is not disabled within the meaning of the Social Security Act because her mental impairment does not preclude her from substantial gainful activity was made without a finding by the treating medical advisor as to the effect her impairment would have upon her ability to perform regular employment tasks, we find a lack of substantial evidence to support the ALJ's decision. Accordingly, we remand to the Secretary for further proceedings consistent with this opinion.

### *ORDER*

AND NOW, to-wit, this 9th day of January, 1995, it is hereby ORDERED, ADJUDGED, and DECREED that plaintiff-claimant's Motion for Summary Judgment (Doc. 7) be and hereby is DENIED and defendant's Motion for Summary Judgment (Doc. 10) be and hereby is DENIED.

IT IS FURTHER ORDERED that this case is REMANDED to the Secretary for further proceedings consistent with this opinion.