Ronnie L. YOUNG, SSN: 446–48–2833, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security Administration,[1] Defendant.

No. 97–CV–453–J.

United States District Court, N.D. Oklahoma.

Jan. 22, 1999.

---

**1.** On September 29, 1997, Kenneth S. Apfel was sworn in as Commissioner of Social Security. Pursuant to Fed.R.Civ.P. 25(d)(1), Kenneth S. Apfel, Commissioner of Social Security, is substituted for Shirley S. Chater as the Defendant in this action.

**1328**

Paul F. McTighe, Jr., Tulsa, OK, for plaintiff.

Cathryn Dawn McClanahan, United States Attorney, Tulsa, OK, for defendant.

### ORDER[2]

JOYNER, United States Magistrate Judge.

Plaintiff, Ronnie L. Young, pursuant to 42 U.S.C. § 405(g), appeals the decision of the Commissioner denying Social Security

2. This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

3. Administrative Law Judge Richard J. Kallsnick (hereafter "ALJ") concluded that Plain-

benefits.[3] Plaintiff asserts that the Commissioner erred because (1) Plaintiff meets a Listing, (2) the ALJ's residual functional capacity evaluation of Plaintiff is not supported by substantial evidence, and (3) the ALJ's findings at Step Four are incomplete. For the reasons discussed below, the Court **REVERSES AND REMANDS** the Commissioner's decision.

### I. PLAINTIFF'S BACKGROUND

Plaintiff was born May 22, 1945, and was 50 years old at the time of the hearing before the ALJ. [R. at 29]. Plaintiff completed high school. Plaintiff was in the military from July 10, 1967 until February 13, 1970. [R. at 29]. Plaintiff additionally worked as a security guard, as a bell ringer, and at Otasco.

Plaintiff testified that he experienced no notable side effects from his medications. [R. at 32]. Plaintiff stated that he constantly suffered from back pain, from left knee pain, from pain on his left side, right side, and hips. [R. at 33]. In his application for social security Plaintiff wrote that he had stomach problems. [R. at 56]. Plaintiff is 5'9" and weighs approximately 340 pounds. Plaintiff testified that he could lift only ten pounds and that bending was a strain. [R. at 35]. According to Plaintiff he can walk approximately four blocks. [R. at 40].

A Residual Functional Capacity Assessment on May 20, 1993, indicated that Plaintiff could lift 50 pounds occasionally, 25 pounds frequently, stand or walk for six out of eight hours in a day, and push/pull an unlimited amount. [R. at 66]. Similar findings were reported in a Residual Functional Capacity Assessment dated August 4, 1994. [R. at 104].

tiff was not disabled on September 6, 1995. Plaintiff appealed to the Appeals Counsel. The Appeals Counsel declined Plaintiff's request for review on March 13, 1997. [R. at 5].

In his application for disability insurance, Plaintiff noted that he helped with cooking and cleaning for approximately six to seven hours each day, that he used to walk approximately 45 minutes each night, and that he drove his car approximately ten to twelve hours each week. [R. at 140].

A social security disability examination completed July 24, 1994 noted that Plaintiff suffered from chronic obesity but had good range of motion in all his major joints, excellent grip strength, and normal gait. [R. at 163].

A lumbar X-ray indicated minimal scoliosis but no other abnormality. [R. at 165].

## II. SOCIAL SECURITY LAW & STANDARD OF REVIEW

The Commissioner has established a five-step process for the evaluation of social security claims.[4] *See* 20 C.F.R. § 404.1520. Disability under the Social Security Act is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment....

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his

physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy....

42 U.S.C. § 423(d)(2)(A).

▮ The Commissioner's disability determinations are reviewed to determine (1) if the correct legal principles have been followed, and (2) if the decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir.1988); *Williams*, 844 F.2d at 750.

▮ The Court, in determining whether the decision of the Commissioner is supported by substantial evidence, does not examine the issues *de novo*. *Sisco v. United States Dept. of Health and Human Services*, 10 F.3d 739, 741 (10th Cir.1993). The Court will not reweigh the evidence or substitute its judgment for that of the Commissioner. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir.1994). The Court will, however, meticulously examine the entire record to determine if the Commissioner's determination is rational. *Williams*, 844 F.2d at 750; *Holloway v. Heckler*, 607 F.Supp. 71, 72 (D.Kan.1985).

▮ "The finding of the Secretary[5] as to any fact, if supported by substantial

---

4. Step One requires the claimant to establish that he is not engaged in substantial gainful activity (as defined at 20 C.F.R. §§ 404.1510 and 404.1572). Step Two requires that the claimant demonstrate that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See* 20 C.F.R. § 1521. If claimant is engaged in substantial gainful activity (Step One) or if claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, claimant's impairment is compared with those impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings"). If a claimant's impairment is equal or medically equivalent to an impairment in the Listings, claimant is presumed disabled. If a Listing is not met, the evaluation proceeds to Step Four, where the claimant must establish that his impairment or the combination of impair-

ments prevents him from performing his past relevant work. A claimant is not disabled if the claimant can perform his past work. If a claimant is unable to perform his previous work, the Commissioner has the burden of proof (Step Five) to establish that the claimant, in light of his age, education, and work history, has the residual functional capacity ("RFC") to perform an alternative work activity in the national economy. If a claimant has the RFC to perform an alternate work activity, disability benefits are denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140–42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).

5. Effective March 31, 1995, the functions of the Secretary of Health and Human Services ("Secretary") in social security cases were

evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is that amount and type of evidence that a reasonable mind will accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Williams*, 844 F.2d at 750. In terms of traditional burdens of proof, substantial evidence is more than a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401, 91 S.Ct. 1420. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Williams*, 844 F.2d at 750.

■ This Court must also determine whether the Commissioner applied the correct legal standards. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir.1994). The Commissioner's decision will be reversed when she uses the wrong legal standard or fails to clearly demonstrate reliance on the correct legal standards. *Glass*, 43 F.3d at 1395.

### III. REVIEW

#### EVALUATION OF THE LISTINGS

Plaintiff asserts that the ALJ is required to determine whether or not he meets a Listing and explain his decision. Plaintiff references Listing 9.09A which is for obesity. Plaintiff states that he meets the requirements of obesity with a "history of pain and limitation of motion in any weight bearing joint or the lumbosacral spine (on physical examination) associated with findings on medically acceptable imaging techniques of arthritis in the affected joint or lumbosacral spine...." Plaintiff notes that his examination by Dan E. Calhoun, M.D. indicated Plaintiff was 69 ½ inches tall and 350 pounds, which meets the first part of the Listing. Plaintiff additionally states that if he has a limitation of motion in a weight bearing joint or in the lumbosacral spine he is disabled under the Listings. Plaintiff refers to a report received by the disability determination division from Dr. Calhoun where he stated that he considered 90 degrees flexion of the back to be "normal" range of motion as opposed to "full." Plaintiff argues that if he is only "normal" and not "full range of motion" that he must have some limitation, and therefore he meets a Listing.

■ At step three of the sequential evaluation process, a claimant's impairment is compared to the Listings (20 C.F.R. Pt. 404, Subpt. P, App. 1). If the impairment is equal or medically equivalent to an impairment in the Listings, the claimant is presumed disabled. A plaintiff has the burden of proving that a Listing has been equaled or met. *Yuckert*, 482 U.S. at 140–42, 107 S.Ct. 2287; *Williams*, 844 F.2d at 750–51. In his decision, the ALJ is "required to discuss the evidence and explain why he found that [the claimant] was not disabled at step three." *Clifton v. Chater*, 79 F.3d 1007 (10th Cir.1996).

The Court does not give a great deal of credence to Plaintiff's argument. Nevertheless, the ALJ, in this case, provided only a general reference to the Listings and a conclusory opinion that nothing in the record reflected that Plaintiff met the Listings. Because the Court is reversing for other reasons, on remand, the ALJ should further explore the Listings argument posed by Plaintiff.

#### RESIDUAL FUNCTIONAL CAPACITY

Plaintiff asserts that the ALJ did not apply the correct legal standard in evaluating Plaintiff's pain and in concluding that Plaintiff had the ability to perform the requisite standing and walking for light work. Plaintiff states that the ALJ discredited the medical evidence rather than evaluating Plaintiff's subjective complaints of pain. Plaintiff additionally asserts that the ALJ failed to comply with *Kepler v. Chater*, 68 F.3d 387 (10th Cir.1995). Finally, Plaintiff states that no specific medical evidence supports the ALJ's conclusion

---

transferred to the Commissioner of Social Security. P.L. No. 103–296. For the purpose of this Order, references in case law to "the Secretary" are interchangeable with "the Commissioner."

that Plaintiff can perform the prolonged standing and walking required of light work.

The legal standards for evaluating pain are outlined in 20 C.F.R. §§ 404.1529 and 416.929, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen,* 834 F.2d 161 (10th Cir.1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* at 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which 'could reasonably be expected to produce' the alleged pain." *Id.* Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164. In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

The ALJ noted that the record contained very little objective evidence to support Plaintiff's findings. Contrary to Plaintiff's assertion, the Court reads the ALJ's opinion as suggesting that Plaintiff cannot meet the first step of *Luna.* If the first step of *Luna* is not met, the ALJ is not required to evaluate the Plaintiff's subjective complaints of pain. Regardless, the ALJ additionally evaluates the Plaintiff's complaints of pain.

In *Kepler v. Chater,* 68 F.3d 387, (10th Cir.1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna,* and provide the reasoning which supports the decision as opposed to mere conclusions. *Id.* at 390–91.

Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible. *Id.* at 391. The Court specifically noted that the ALJ should consider such factors as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Id.* at 391. The Tenth Circuit remanded the case, requiring the Secretary to make "express findings in accordance with *Luna,* with reference to relevant evidence as appropriate, concerning claimant's claim of disabling pain." *Id.*

█ In this case, the ALJ discounted Plaintiff's credibility based on the level of Plaintiff's activities, the absence of any restrictions placed on Plaintiff's, Plaintiff's testimony regarding his medications, Plaintiff's reported activities, and the lack of strong pain medication. Although the ALJ's analysis could have provided additional detail, the Court concludes that it is sufficient in accordance with *Kepler.*

Finally, Plaintiff suggests that nothing in the record supports a conclusion that Plaintiff can perform the standing and walking requirements of light work. At a minimum, however, the record contains two RFC evaluations which support the ALJ's conclusion that Plaintiff can perform the requisite walking and standing of light work.

## STEP FOUR EVALUATION

Plaintiff asserts that the ALJ made his Step Four analysis without making the required point by point comparison out-

lined by the Tench Circuit Court of Appeals in *Henrie v. U.S. Department of Health and Human Services,* 13 F.3d 359 (10th Cir.1993). Plaintiff states that the ALJ improperly allowed the vocational expert witness to conclude that Plaintiff is capable of performing his past work as a security guard and driver and that this was not sufficient.

Social Security Regulation 82–62 requires an ALJ to develop the record with respect to a claimant's past relevant work.

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.
>
> . . . .
>
> [D]etailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source. Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.

Soc.Sec.Rep.Serv., Rulings 1975–1982, SSR 82–62 (West 1982). The ALJ must make specific factual findings detailing how the requirements of claimant's past relevant work fit the claimant's current limitations. The ALJ's findings must contain:

1. A finding of fact as to the individual's RFC.

2. A finding of fact as to the physical and mental demands of the past job/occupation.

3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

Soc.Sec.Rep.Serv., Rulings 1975–1982, SSR 82–62 (West 1982); *Washington v. Shalala,* 37 F.3d 1437, 1442 (10th Cir. 1994); *Henrie v. United States Dep't of Health & Human Services,* 13 F.3d 359, 361 (10th Cir.1993).

In addition, the Tenth Circuit Court of Appeals has specifically frowned upon the delegation of this duty to the vocational expert. In *Winfrey v. Chater,* 92 F.3d 1017, (10th Cir.1996), the Circuit considered whether the requirements of Step Four may be fulfilled by posing questions to the vocational expert.

> Having failed to complete phase two appropriately, the ALJ was unable to make the necessary findings at phase three about plaintiff's ability to meet the mental demands of his past relevant work despite his mental impairments. The Secretary glosses over the absence of the required ALJ findings, by relying on the testimony of the VE [vocational expert] that plaintiff could meet the mental demands of his past relevant work, given the mental limitations found by the ALJ. *This practice of delegating to a VE many of the ALJ's fact finding responsibilities at step four appears to be of increasing prevalence and is to be discouraged.*
>
> At step five of the sequential analysis, an ALJ may relate the claimant's impairments to a VE and then ask the VE whether, in his opinion, there are any jobs in the national economy that the claimant can perform. This approach, which requires the VE to make his own evaluation of the mental and physical demands of various jobs and of the claimant's ability to meet those demands despite the enumerated limitations, is acceptable at step five because the scope of potential jobs is so broad.
>
> At step four, however, the scope of jobs is limited to those that qualify as the claimant's past relevant work.

Therefore, it is feasible at this step for the ALJ to make specific findings about the mental and physical demands of the jobs at issue and to evaluate the claimant's ability to meet those demands. Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review. *When, as here, the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, we are left with nothing to review.*

We are not suggesting, as has the Fourth Circuit, *see Smith v. Bowen,* 837 F.2d 635, 637 (4th Cir.1987), that the ALJ may not rely on VE testimony in making the necessary findings at step four. As SSR 82–62, and SSR 82–61, Soc.Sec.Rep.Serv., Rulings 1975–1982, 836, indicate, a VE may supply information to the ALJ at step four about the demands of the claimant's past relevant work. *Id.* at 811–12, 838. For example, if the ALJ determines that the claimant's mental impairment affects his ability to concentrate, the ALJ may ask the VE for information about the level of concentration necessary to perform the claimant's past relevant work. The VE's role in supplying vocational information at step four is much more limited than his role at step five, where he is called upon to give his expert opinion about the claimant's ability to perform work in the national economy. Therefore, while the ALJ may rely on information supplied by the VE at step four, the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform his past relevant work. *Id.* at 1025 (emphasis added).

■ In this case, the ALJ's opinion does not outline Plaintiff's past relevant work or proceed through the three-step process outlined in the Social Security Regulations and *Henrie.* Rather the ALJ observes that the vocational expert "was presented a series of facts based upon the claimant's condition as it is outlined in the record and in this decision. The vocational expert was also familiar with the claimant's past work history." [R. at 18]. As the ALJ notes, the vocational expert concluded that Plaintiff could return to his past relevant work. However, as outlined above, this is not the correct procedure at Step Four. The Court concludes that the ALJ's decision at Step Four is therefore not supported by substantial evidence.

In the hearing before the ALJ, the ALJ made additional inquiries of the vocational expert regarding whether or not the Plaintiff could perform other work in the economy. These inquiries could be sufficient to support a finding at Step Five that Plaintiff was not disabled. However, the Court declines to reach this issue. The ALJ included no finding on Step Five in his decision, and neither party has addressed this potential issue.

Accordingly, the Commissioner's decision is **REVERSED AND REMANDED** for further proceedings consistent with this opinion.